UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY BADON, on behalf of himself and all others similarly situated<br><br>  Plaintiff,<br><br>  vs.<br><br>PREFERRED CAREGIVERS AND SITTERS, LLC D/B/A "PREFERRED CAREGIVERS & SITTERS, LLC"; BARRY WRIGHT AND MILLICENT WRIGHT<br><br>  Defendants. | CIVIL ACTION NO.:<br><br>SECTION:<br><br>MAGISTRATE: |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff, Anthony Badon, ("Plaintiff") brings claims for unpaid overtime on behalf of himself and the following proposed Collective Action Class:

   All persons employed by Defendants since April 2017 who were paid on an hourly basis but were not paid at an overtime rate of one and one-half times their hourly rate of pay for each hour worked in excess of 40 per week in violation of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*

### JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the Fair Labor Standards Act ("FLSA"); by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

1

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff, Anthony Badon, a resident of the Parish of Orleans, State of Louisiana, worked for Defendants providing home health care services to Defendants' clients.

5. Named Defendants herein are:

    a. Preferred Caregivers and Sitters, LLC (d/b/a "Preferred Caregivers & Sitters, LLC"), a Louisiana limited liability company authorized to and doing business in the Parish of Orleans, State of Louisiana that provides home health care and related services to clients in the Greater New Orleans Area.

    b. Barry Wright, a resident of the State of Louisiana, is a manager, member and/or owner of Preferred Caregivers and Sitters, LLC, who directed, controlled and implemented the polices complained of herein and is named as a joint employer under the FLSA in this action.

    c. Millicent Wright, a resident of the State of Louisiana, is a manager, member and/or owner of Preferred Caregivers and Sitters, LLC, who directed, controlled and implemented the polices complained of herein and is named as a joint employer under the FLSA in this action.

## DEFENDANTS ARE PLAINTIFF'S AND THE FLSA COLLECTIVE ACTION PLAINTIFFS' JOINT EMPLOYERS

6. At all times material hereto, Defendants were Plaintiff's and the FLSA Collective Action Plaintiffs' "joint employers" within the meaning of FLSA.

7. Specifically, Defendants were so intertwined as to be indistinguishable.

8. Defendants jointly exercised control over the Plaintiff's and FLSA Collective Action Plaintiffs' schedules, rates of pay, how they performed their jobs and the equipment they used to perform their jobs.

9. At all times material hereto, the work performed by the Plaintiff and the FLSA Collective Action Plaintiffs was directly essential to the business performed by Defendants.

## COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff brings the claims for unpaid overtime asserted herein as a collective action pursuant to the FLSA, 29 U.S.C. §216(b).

11. Plaintiff's claims for violations of the FLSA's overtime may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, for the unpaid overtime claim asserted by Plaintiff are similar to the claims for unpaid overtime of the members of the proposed Collective Action Class.

12. Members of the proposed Collective Action Class are similarly situated, as they have substantially similar job requirements and provisions and are subject to a common practice, policy or plan that requires them to perform work without compensation.

13. Plaintiff is representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

14. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Collective Action Class.

15. Plaintiff has retained counsel competent and experienced in complex employment class action and collective action litigation.

16. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

17. These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## FACTUAL BACKGROUND

18. In 2019, Plaintiff was hired by Defendants to work to provide home health services to Defendants' clients.

19. At all times material hereto, Plaintiff and the FLSA Collective Action Class were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

20. At all times material hereto, Plaintiff and the FLSA Collective Action Class were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

21. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

22. At all times material hereto, Plaintiff and the FLSA Collective Action Class were the "employees" of Defendants within the meaning of FLSA.

23. Specifically, at all times material hereto, Defendants controlled Plaintiff's and the FLSA Collective Action Class' schedules, rates of pay, set forth detailed requirements of how they should do their jobs and at all times, Plaintiff served clients who had contracted with Defendants directly; they did not contract independently with the clients they served and were not in business for themselves.

24. At all times material hereto, the work performed by the Plaintiff and the FLSA Collective Action Class were directly essential to the business performed by Defendants.

25. Plaintiff and the FLSA Collective Action Class routinely worked more than 40 hours per week for Defendants, often working as many as 50-70 hours per week for Defendants; however Plaintiff and the FLSA Collective Action Class were not paid overtime for all hours in excess of 40 per week they worked for Defendants.

26. Specifically, Defendants operated a scheme whereby they classified Plaintiff and the FLSA Collective Action Class as "contractors", apparently believing that they did not have to pay them overtime if they were so classified.

27. However, Plaintiff and the FLSA Collective Action Class were not independent contractors.

28. They could not retain their own clients – they could only work for clients who contracted with Defendants.

29. Defendants provided them the materials and equipment necessary to do their jobs.

30. Defendants controlled their schedules, assigned them to clients and controlled how, when and with whom they performed their jobs.

31. Plaintiff and the FLSA Collective Action Plaintiffs were not economically independent or in business for themselves; they were directly economically dependent upon Defendants for their income.

32. Defendants' misclassification of these workers as "contractors" is deliberate, intentional and designed to deprive these employees of federally-mandated overtime.

## COUNT I: COLLECTIVE ACTION CLAIM FOR VIOLATION OF FEDERAL OVERTIME REQUIREMENTS

33. All previous paragraphs are incorporated as though fully set forth herein.

5

34. Defendants operated as joint employers covered by the overtime pay mandates of the FLSA, and Plaintiff and the FLSA Collective Action Class were entitled to the FLSA's overtime protections.

35. The FLSA requires that employees who work over 40 hours in a workweek receive overtime compensation "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 215(a)(2).

36. Defendants violated the FLSA by failing to pay Plaintiff and the FLSA Collective Action Class the legally mandated hourly overtime premium for hours worked over 40 in a workweek when Plaintiff and the FLSA Collective Action Class often worked many hours in excess of 40 hours.

37. Plaintiff and the FLSA Collective Action Class were and are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

38. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff and the FLSA Collective Action Class as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

39. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

40. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the FLSA Collective Action Class at the statutory rate of one and one-half times their regular rate of pay for

the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was and is due.

41. Defendants have failed to properly disclose or apprise Plaintiff and the FLSA Collective Action Class of their rights under the FLSA.

42. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the FLSA Collective Action Class suffered lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

43. Plaintiff and the FLSA Collective Action Class are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## CONSENT

44. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached hereto as Exhibit "A".

## ATTORNEY'S FEES

45. Plaintiff is entitled to an award of prevailing party attorney's fees pursuant to the FLSA 29 U.S.C. § 201-209.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Anthony Badon, prays that Defendants, Preferred Caregivers and Sitters, LLC d/b/a Preferred Caregivers & Sitters, LLC; Barry Wright and Millicent Wright, be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiff and the FLSA Collective Action Class and against Defendants for all damages reasonable in the premises, and demands the following:

   a. A declaration, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA;

    b.    An injunction prohibiting Defendants from engaging in future overtime wage pay violations;

    c.    Awarding Plaintiff and the FLSA Collective Action Class overtime compensation for the hours worked for Defendants in excess of 40 per week;

    d.    Awarding Plaintiff and the FLSA Collective Action Class liquidated damages in an amount equal to the overtime wage award;

    e.    Awarding Plaintiff and the FLSA Collective Class reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    f.    Awarding Plaintiff pre-judgment interest and all other interest to which he is entitled;

    g.    Awarding Plaintiff and the FLSA Collective Action Plaintiffs all other relief to which they are entitled.

/s/ *Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net
Attorneys for Plaintiff

**PLAINTIFF WILL REQUEST
DEFENDANTS WAIVE SERVICE**